ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MARISEL HEREDIA TORRES<br><br>Recurrida<br>v.<br><br>JAIME FERRER FONTÁNEZ<br><br>Peticionario | KLCE202400196 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>CIVIL Núm.: KDI2023-0016<br><br>Sobre: Divorcio y Alimentos |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 10 de mayo de 2024.

El 15 de febrero de 2024, el señor Jaime Ferrer Fontánez (peticionario o Ferrer González) presentó un auto de *Certiorari* en el que solicita la revisión de la Resolución y Orden emitida por el Tribunal de Primera Instancia, Sala de San Juan (TPI), el 10 de enero de 2024, notificada el día 16 de enero. Mediante esta el foro primario le impuso al señor Ferrer González el pago de $62,529.00 como deuda de pensión alimentaria.

Por los fundamentos que exponemos a continuación, expedimos el auto y modificamos la Resolución recurrida.

## I.

Surge del expediente que el señor Ferrer Fontánez y la señora Marisel Heredia Torres son padres de tres menores. En su recurso, el señor Ferrer Fontánez mencionó que, mientras cumplía dos (2) años de prisión por unos asuntos relacionados con la Ley 54[1], solicitó que paralizaran el pago de la pensión alimentaria.

---

[1] Ley para la Prevención e Intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989.

Número Identificador

SEN2024 _____

Adujo que su petición fue denegada y el Tribunal de Primera Instancia refirió el caso para la Examinadora de Pensiones[2].

De acuerdo con nuestro expediente, el 14 de febrero de 2019, el Tribunal de Bayamón, le fijó al señor Ferrer Fontánez una pensión de $545 a favor de los tres menores, efectiva el 1ro de marzo de 2019.[3]  El 12 de abril de 2023 la recurrida señora Heredia Torres presentó una Moción sobre Desacato[4].  Allí solicitó que se celebrara una vista para que el señor Ferrer Fontánez cubriera parte la deuda de la pensión acumulada ascendiente aproximadamente a $106,137 calculados de la siguiente forma:

| | |
|---|---|
| Plazos de pensión vencidos al 15 de diciembre de 2017 | 59,165 |
| Plazos vencidos de enero de 2018 a marzo de 2019 (13 x $1,159) | 20,267 |
| Plazos vencidos desde marzo 2019 a abril de 2023 | 26,705 |

El 24 de abril de 2023 el señor Ferrer Fontánez replicó con una *Moción en cumplimiento de orden sobre "Orden de mostrar causa del 18 abril de 2023", y solicitud de término final adicional*. Solicitó que se tomara conocimiento judicial de que estuvo confinado desde el 18 de agosto de 2018 hasta el 31 de julio de 2019 y luego desde el 12 de noviembre de 2019 hasta el 6 de octubre.  Manifestó que realizaba los pagos de pensión a razón de $800 desde enero de 2023.   En cuanto a la deuda de $26,705 del período de marzo de 2019 al presente, incluyó una tabla con los pagos que realizó durante los años 2019 hasta abril de 2023. Agregó que emitió pagos de actividades escolares de graduación y extracurriculares, más le realizó trabajos a la señora Heredia Torres, ascendentes a $3,500 que deben ser acreditados.  Solicitó término para acreditar los pagos y los dineros de trabajos realizados a la peticionaria.  Adujo que había pagado en el periodo de marzo de 2019 al presente la cantidad de $22,140.93. Manifestó que aun estando confinado durante el periodo de marzo

---

[2] Apéndice págs. 19-20.
[3] Moción de desacato, apéndice págs. 15 y 16.
[4] Apéndice págs. 15 y 16.

de 2019 y diciembre de 2022 pagó $18,640.93, según los recibos de ATH móvil.

El 5 de mayo de 2023 el señor Ferrer Fontánez presentó una *Moción informando pago parcial en concepto de deuda de pensión alimentaria*. Alegó que depositó $3,500 como abono al pago de la pensión para que sea acreditado a la deuda de marzo de 2019 al presente está pagando $800.00. Luego, el 19 de mayo de 2023 presentó una *Moción aclaratoria sobre pagos realizados y no acreditados en concepto de pensión alimentaria*. Adujo que había realizado pagos de $24,035.93 que debían ser conciliados a la deuda de marzo de 2019 a mayo de 2023.

El 1ro de junio de 2023 el señor Ferrer Fontánez presentó otra *Moción informando pago parcial ($2,000) en concepto de deuda de pensión alimentaria*. Mencionó que para el 21 de junio de 2023 había señalada una vista de desacato y que estaba haciendo el pago de $2,000. Agregó que con ese pago alcanzó los $5,500 que le requirió la peticionaria Heredia en concepto de pago de deuda, más el pago de $800 mensuales en concepto de pensión alimentaria. El 29 de junio de 2023 el caso fue trasladado al Tribunal de San Juan, lugar donde residía la señora Heredia Torres con los menores.[5]

El 14 de agosto de 2023 el señor Ferrer Fontánez presentó una *Moción informando consignación ($1,500.00) en concepto de deuda de pensión alimentaria y regreso a la escuela*. Solicitó que se le aplicara el dinero pagado a cualquier deuda existente.[6]

El 14 de septiembre de 2023 la señora Heredia Torres solicitó la Revisión a la Pensión Alimentaria y vista de desacato.[7] La vista se celebró el 11 de octubre de 2023. El foro de instancia emitió una Resolución y Orden para que el señor Ferrer Fontánez

---

[5] Apéndice pág. 44.
[6] Apéndice pág. 49-50.
[7] Recurso de certiorari, pág. 4, párrafo 4.

pagara la suma de $10,066.00 como abono a la deuda, modificó el plan de pagos, de manera provisional a la suma de $455.00 mensuales e impartió otras instrucciones a ambos progenitores. Señaló una vista sobre deuda de pensión para el 6 de diciembre de 2023.[8]

El 1ro de noviembre de 2023 se llevó a cabo una vista de revisión de pensión alimentaria. Con las recomendaciones de la Examinadora, el 8 de noviembre de 2023 el Tribunal de Primera Instancia de San Juan decretó que, efectivo al 9 de noviembre de 2023, la pensión era de $2,328.69 mensuales o $1,074.78 a pagarse de forma bisemanal los viernes alternos. Que para el período del 14 de septiembre de 2023 al 22 de octubre de 2023 la pensión sería de $1,966.00 mensuales. Estableció que la deuda por el retroactivo se calcularía en la próxima vista, más ordenó al alimentante aportar el 60% del gasto médico que no cubra el seguro de salud y las terapias educativas. Pautó una vista para el 24 de enero de 2024.[9]

El 13 de noviembre de 2023 el señor Ferrer Fontánez presentó una *Moción de Reconsideración en torno a la forma del pago de la pensión alimentaria y las cuantías*. Mencionó que para fijar la pensión se tomó en consideración dos (2) ingresos distintos, (i) la pensión por incapacidad pagadera mensualmente y (ii) el salario de un nuevo trabajo en VBA Agencia Federal, que comenzó el 23 de octubre de 2023. En esencia, alegó que se determinó la pensión alimentaria provisional con información económica incompleta, que no se tomó en consideración las deducciones establecidas por ley, la deducción de plan médico que paga de los menores y el ajuste del 20% del tiempo que comparte

---

[8] Apéndice pág. 53.
[9] Apéndice págs. 9-12.

con los menores.[10]  Ese mismo día, el señor Ferrer Fontánez presentó una *Moción informando consignación en concepto de pensión alimentaria y prueba del plan médico de los menores*.  Allí acompañó copia de las tarjetas de plan médico de los menores.[11]

El 30 de noviembre de 2023 el Tribunal declaró *No Ha Lugar* la solicitud de reconsideración.[12]  Tras otros trámites, el 4 de diciembre de 2023 el foro primario emitió una orden en atención a varios escritos que sometieron las partes.  En esta le requirió al señor Ferrer Fontánez a cumplir con la pensión provisional según establecida.  Especificó que cualquier planteamiento se discutiría en la vista del 6 de diciembre de 2023.[13]

Así las cosas, el 10 de enero de 2024 se celebró una vista. El Tribunal emitió una Resolución y Orden, notificada el 16 de enero de 2024.  En esta decretó que el señor Ferrer Fontánez realizó un abono de $10,060 a la deuda, en cumplimiento con la orden dictada el 15 de septiembre de 2023.  Además, el foro primario indicó lo siguiente:

> Atendido ese asunto, nos propusimos determinar el monto actual de la deuda de pensión, toda vez que el señor Ferrer Fontánez ha planteado que los cómputos realizados por la señora Heredia Torres no contemplan pagos que él ha realizado. No obstante, al conceder al demandado la oportunidad de expresarse para que estableciera la suma que reclama como crédito, éste manifestó que él vino preparado para una vista de Desacato y que, en ese momento, no recordaba las cuantías, pero que eso ha sido planteado en varias mociones sometidas a la consideración del Tribunal. En atención a la postura asumida por el demandado y <u>ante su renuncia a argumentar en la vista y a presentar evidencia respecto a los créditos reclamados</u>, determinamos que habríamos de resolver el asunto del monto de la deuda con las mociones presentadas y, en base a la cuantía que se establezca, requeriríamos un abono del 30% para la vista de seguimiento a ser celebrada en unos cuatro meses.

---

[10] Apéndice págs. 71-74.
[11] Apéndice págs. 66-70.
[12] Apéndice pág. 74, párrafo 1.
[13] El peticionario no incluyó la minuta de la vista del 6 de diciembre de 2023.

Antes del traslado del caso al Tribunal de San Juan, en atención a la orden del Juez Llantin para que la Alimentista informara el monto de la deuda, la señora Heredia Torres sostuvo que la cantidad adeudada era $77,489.00. A esa suma, sin embargo, hay que restarle un pago de $1,500.00, que el señor Ferrer Fontánez alega haber realizado y que la señora Heredia Torres admite haber recibido. Asimismo, corresponde acreditar, a favor del Alimentante, diez pagos de $255.00 que realizó como abono a la deuda de enero a octubre de 2023, así como dos pagos de $455.00 que ha realizado como abono a la deuda, conforme ordenáramos el 11 de octubre de 2023. Por último, corresponde acreditar a esa suma el abono de $10,000.00 realizado por el Alimentante en atención a nuestra Orden de 15 de septiembre de 2023.

Con los créditos aplicados, la deuda por concepto de pensión alimentaria en este caso se establece en $62,529.00. Es propio mencionar que en sus mociones el señor Ferrer Fontánez alega créditos adicionales e, incluso, incluye impresos de transacciones de ATH Móvil que, según sostiene, corresponden a pagos de pensión. Sin embargo, este Tribunal está impedido de considerar y evaluar prueba documental que se pretenda traer a nuestra consideración sin cumplir con el rigor de las Reglas de Evidencia. En ese sentido, habiendo la parte demandada renunciado a la oportunidad de presentar la prueba sobre los créditos reclamados en la vista celebrada y, habiendo solicitado que el asunto se resuelva con las mociones presentadas, los créditos aplicados son los que estamos en posición de reconocer.

Así pues, el foro primario estableció que existía una deuda de $62,529 y que el señor Ferrer Fontánez debía realizar un abono del 30% para la vista de seguimiento pautada para el 14 de mayo de 2024. A su vez, el foro de instancia decretó no considerar unos alegados acuerdos de nivelación entre las partes, a tenor con el Artículo 22-A (d)(4) de la Ley Orgánica de la Administración para el Sustento de Menores (ASUMe) y lo resuelto en *Toro Sotomayor v. Colón Cruz*, 176 DPR 528 (2009).

El 19 de enero de 2024 el señor Ferrer Fontánez presentó una *Moción informando consignación talonarios nuevo empleo del 2023 y 2024 para vista final de pensión alimentaria del 24 de*

*enero de 2024*. Junto a la moción sometió los últimos dos (2) talonarios.[14]

Posteriormente, el 24 de enero de 2024 se llevó a cabo una vista. La Examinadora de Pensiones Alimentarias emitió un informe, el cual fue acogido por el foro primario en la Resolución notificada el 25 de enero. En esta se determinó que continuaba la pensión provisional de $1,074.78 bisemanales. Entre otras cosas, el foro primario indicó que tomaba conocimiento de que los menores no tenían seguro de salud.

Así las cosas, el 15 de febrero de 2024 el señor Ferrer Fontánez presentó el recurso de *certiorari* que atendemos para que revisemos la Resolución y Orden emitida el 10 de enero de 2024. Para ello, señaló la comisión de los siguientes errores:

> Primero: Erró el Honorable Tribunal de Primera Instancia al determinar "SIN HA LUGAR" a la "Solicitud para que se dividan los pagos de Pensión alimentaria provisional en tres (3) pagos de acuerdo con los ingresos recibidos por este compareciente", basándonos en que no existe ningún perjuicio en contra de los menores toda vez que mensualmente recibirán el pago total de $2,328.69, habiendo mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> Segundo: Erró el Honorable Tribunal de Primera Instancia al determinar en corte abierta que apreciaría la prueba sometida por este compareciente a través de dos (2) escritos presentados en el Centro Judicial de Bayamón Sala de Relaciones de Familia y luego del Traslado al Centro Judicial de San Juan ante la Sala (701) siendo el mismo escrito ya que no se había realizado ninguna determinación y posteriormente cambió su posición en la resolución del 16 de enero de 2023, habiendo mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> Tercero: Erró el Honorable Tribunal de Primera Instancia al determinar en corte abierta que apreciaría la prueba sometida por este compareciente por Moción del 24 de abril de 2023 y una segunda duplicada en la Sala del Centro Judicial de San Juan (idéntica). Además, en la vista del 10 de enero de 2024 el Hon. Tribunal indujo a error a este

---

[14] Apéndice pág. 76.

compareciente al determinar que resolvería la controversia de los créditos solicitados a través de la Moción del 24 de abril de 2023 pero en la Resolución y Orden notificada el 16 de enero de 2024 indicó que este compareciente había renunciado a argumentar en la vista y a presentar evidencia respecto a los créditos reclamados.

Cuarto: Erró el Honorable Tribunal de Primera Instancia al determinar en sus Resoluciones y Órdenes que los menores no cuentan con Plan Medico cuando se han presentado varios escritos estableciendo (a través de retratos con los nombres de los menores) que los tres (3) cuentan con dos (2) tarjetas de Plan Médico de Triple S Federal el cual incluye una cubierta a parte para el pago de Ortodoncia) demostrando su perjuicio, dolo, error en la apreciación de la prueba que se ha pretendido presentar, además de NO haber establecido la deducción del 20% sobre las Relaciones Paterno Filiales, habiendo mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

El 26 de marzo de 2024 el señor Ferrer Fontánez solicitó que paralicemos la vista de seguimiento del 14 de mayo de 2024. Evaluado el escrito, el 11 de abril denegamos su petición.

Así las cosas, el 16 de abril de 2024 el peticionario sometió la transcripción de la vista celebrada el 10 de enero de 2024. El 23 de abril la recurrida Heredia Torres aceptó la transcripción y nos informó que no estaría presentando el alegato en oposición.

El 2 de mayo de 2024 el peticionario presentó el *Alegato enmendado y nueva solicitud paralizando la orden del 10 de enero de 2024*, por lo que, damos por sometido el asunto.

**II.**

**A.**

El recurso de *certiorari* constituye un vehículo procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. Rivera et al. v. Arcos Dorados et al., 212 DPR 194 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León

v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de certiorari solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). El adecuado ejercicio de la discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". García v. Asociación, 165 DPR 311 (2005).

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., *supra*; McNeil Healthcare v. Mun. Las Piedras I, supra; Mun. de Caguas v. JRO Construction, 201 DPR 703, 709 (2019). En lo que nos atañe, esta regla dispone lo siguiente:

> "el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia." […]

Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, *supra*; Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). En el ámbito

judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. 800 Ponce de León v. AIG, *supra;* Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

**B.**

Nuestra jurisdicción reconoce que los menores tienen un derecho fundamental a recibir alimentos que emana de la cláusula constitucional del derecho a la vida consagrado en la Carta de Derechos de la Constitución de Puerto Rico. Díaz Rodríguez v. García Neris, 208 DPR 706 (2022); De León Ramos v. Navarro Acevedo, 195 DPR 157 (2016).  Como la obligación de alimentar al menor es inherente a la maternidad y la paternidad, esta recae sobre los obligados desde el momento en que la relación filial queda establecida legalmente, independientemente de las fuentes de las cuales emana la obligación de alimentar. Díaz Rodríguez v. García Neris, *supra;* Santiago, Maisonet v. Maisonet Correa, 187 DPR 550, 560-561 (2012).  Esta obligación es personal de cada uno de los excónyuges por lo que debe ser satisfecha del propio peculio y de forma proporcional a sus recursos y a la necesidad del menor una vez decretado el divorcio.  Díaz Rodríguez v. García Neris, *supra*; Pesquera Fuentes v. Colón Molina, 202 DPR 93, 108 (2019).

Este esquema conlleva hacer un balance entre los intereses del menor y la capacidad económica de los responsables de costear sus necesidades. Pesquera Fuentes v. Colón Molina, *supra*.  La determinación de la cuantía de los alimentos corresponde al prudente arbitrio del juzgador, quien debe velar

porque la cuantía que se establezca cumpla con el principio de proporcionalidad. Santiago, Maisonet v. Maisonet Correa, *supra.*

Ahora bien, las determinaciones de alimentos no constituyen cosa juzgada y están sujetos a revisión cuando existe un cambio sustancial en las circunstancias que originaron el convenio. Díaz Rodríguez v. García Neris, *supra;* Pesquera Fuentes v. Colón Molina, *supra*.

De otro lado, en estos procesos adversativos, se debe cumplir con las exigencias del debido proceso, a saber: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (5) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (6) tener asistencia de abogado, y (7) que la decisión se base en el récord. McConnell v. Palau, 161 DPR 734, 758 (2004); Rivera Rodríguez & Co. v. Lee Stowell, ETC., 133 DPR 881, 888-889 (1993).

### III.

El peticionario Ferrer Fontánez alega que la Examinadora de Pensiones Alimentarias (EPA) le fijó una pensión de $2,328.69 mensual o $1,074.78 bisemanales a pagarse los viernes alternos, efectivo al 9 de noviembre de 2023.  Reclamó que se le fijó esa pensión sin considerarse la reserva.  Aseveró que para establecer la pensión se tomaron dos ingresos distintos, a saber: (i) pensión por incapacidad pagada mensualmente y (ii) salario bisemanal, de un trabajo el cual el peticionario estaba comenzando el 23 de octubre de 2023, cuyo primer pago se recibiría el 9 de noviembre de 2023.  Por ello, coligió que al fijarle la pensión se desconocían las deducciones conforme a la ley.  Indicó que tampoco se le descontó el pago del plan médico de los menores.

El peticionario, sostuvo, además, que en la resolución emitida el 16 de enero de 2024 el foro primario decretó que no tomaría en consideración su posición en cuanto a los créditos reclamados porque este renunció a su derecho a argumentar en la vista y evidenciar referidos créditos. Adujo que nunca renunció a su derecho a presentar prueba. Alegó que el caso ha sido manejado con defectos y fuera de los controles en derecho. Ante ello, nos solicita que dejemos sin efecto la Resolución y Orden del 16 de enero, que se le permita una vista evidenciaria y/o se acrediten todos los documentos sobre ATH móvil enviados al tribunal y a la recurrida Heredia en concepto de pago de pensión alimentaria desde marzo de 2019, más que la jueza que atiende el caso se inhiba de atender los asuntos relacionados a las partes. Revisamos.

El peticionario alega que se le fijó una pensión $2,328.69 mensuales o $1,074.78 bisemanal, no obstante, la referida pensión se le impuso de forma provisional el 8 de noviembre de 2023. El señor Ferrer Fontánez solicitó reconsideración, la que fue denegada el 30 de noviembre de 2023. De manera que su solicitud a esta fecha resulta tardía.

Además, surge de la transcripción de la vista del 10 de enero de 2024 que la juez le informó al señor Ferrer Fontánez que, si tenía un planteamiento en cuanto a la pensión provisional, lo hiciera llegar a la vista del 24 de enero y dará las recomendaciones.[15] Sobre esta vista del 24 de enero, el peticionario acompañó una Resolución del 25 de enero de 2024. En esta el TPI dispuso que, "continúa la pensión provisional de $1,074.78 bisemanales".[16] Por tanto, se trata de una pensión

---

[15] Transcripción de la prueba oral (TPO), pág. 10.
[16] Apéndice pág. 6.

temporal que no amerita nuestra intervención en esta etapa de los procesos. Aun no se ha determinado la pensión fija que se debe pagar.

En cuanto a los créditos que el señor Ferrer Fontánez reclamaba, surge de la *Resolución y Orden* que revisamos, que el foro primario determinó que la parte demandada -señor Ferrer Fontánez- renunció a la oportunidad de argumentar en la vista y a presentar evidencia respecto a los créditos reclamados en la vista celebrada.[17] Consecuentemente determinó que resolvería el asunto con las mociones presentadas.[18] Tras aplicar los pagos, decretó que la deuda de pensión era de $62,529.00.[19] Acto seguido, el tribunal de instancia expresó que "en sus mociones el señor Ferrer Fontánez alega créditos adicionales e, incluso, incluye impresos de transacciones de ATH . Móvil que, según sostiene, corresponden a pagos de pensión. Sin embargo, este Tribunal está impedido de considerar y evaluar prueba documental que se pretenda traer a nuestra consideración sin cumplir con el rigor de las Reglas de Evidencia."[20]

De nuestra evaluación de la prueba oral, no surge que el señor Ferrer Fontánez renunciara a su derecho a presentar prueba sobre créditos a la deuda, más bien indicó que no estaba preparado para ese particular porque entendía que la vista era de seguimiento al desacato. A esto, la juez determinó que resolvería conforme a las mociones presentadas.[21] No obstante, en la

---

[17] Apéndice pág. 4.
[18] Id.
[19] Apéndice pág. 5.
[20] Apéndice pág. 5.
[21] No obstante, sobre los créditos reclamados, sucedió lo siguiente en la vista:

Juez: […] "lo que tengo aquí es que usted había dicho que sobre setenta mil y usted reclamaba unos créditos porque… ¿Por qué suma? (Transcripción de la prueba oral [TPO], vista de 10 de enero de 2024, pág. 12 lns. 8-11).
Sr. Ferrer: Yo necesitaría un bolígrafo porque no recuerdo. Yo vine preparado para una vista de desacato. Un desacato anterior.

Resolución y Orden que revisamos, el foro primario indicó que no consideraría cierta prueba documental por no cumplirse con las Reglas de Evidencia.

En esas circunstancias, en que la vista era para el seguimiento al desacato, y el peticionario manifestó que fue preparado para ese asunto en particular, lo adecuado y razonable era que el foro atendiera el asunto de los créditos en otra vista. Con ello, quedaba salvaguardado el derecho de las partes a recibir una notificación adecuada de los asuntos a dilucidar en la vista y a estar debidamente preparados para presentar su evidencia.

Mas aun cuando el foro primario ha realizado múltiples vistas de seguimiento a este caso y el asunto de los créditos por concepto de pensión atrasadas no está claro. Ante ello, la controversia en cuanto a los créditos y la deuda de la pensión

---

Juez: Pues yo no sé para lo que usted vino preparado, pero a vista estaba señalada como "seguimiento al desacato".

Sr. Ferrer: Pues, Juez, para vista de desacato.

Juez: Ah, pues si usted no tiene…no me puede decir cuánto alega que tiene deuda, nosotros no me puede poner en posición…
Sr. Ferrer: Juez, hay unas mociones presentadas (ininteligible) que establece las tablas (ininteligible) y establece todos los documentos. (TPO págs. 12 y 13).

Juez: Ah- Pues no hay problema, yo resuelvo con los escritos, determino la cantidad y ordeno el pago provisional del 30% del (ininteligible) para la próxima vista. Vamos a buscar fecha de vista. (TPO, pág. 13 lns. 1-3).

Más adelante la Juez expresó: "Yo le di la oportunidad de expresarse. Usted vino preparado para lo que usted tenía que venir preparado, verdad, porque ahora mismo vino preparado con los tres mil que yo había ordenado, di por cumplida la orden, fabuloso. Siga pagando la pensión como corresponde, so pena de desacato. De los escritos yo voy a determinar el monto de la deuda y en la vista de seguimiento que escoja la fecha ahora yo ordenaré el 30% de esa cantidad, so pena de ser encontrado incurso en desacato y que se ordene su arresto y su ingreso." (TPO pág. 13, líneas 14-21).

Luego de escoger la fecha del 14 de mayo de 2024 para la vista de seguimiento, el Tribunal expresó lo siguiente:

Juez: Para esa fecha aquí se alega una deuda de $70,000.00 a la que restamos los $1,600.00…
[…]
Juez: Son de $59,400.00… Muy bien. Se señala vista de seguimiento para el 14 de mayo del 2024, se dispondrá por escrito el asunto de las mociones como se nos había solicitado la cantidad de la deuda para esa fecha. (TPO pág. 16).

debe ser expuesto y atendido en la próxima vista pautada para el 14 de mayo de 2024 o en otra vista que se paute a esos fines.

De otro lado, surge del expediente, tal como el peticionario nos informa en su recurso, que los menores ya cuentan con plan médico[22]    Este hecho debe ser considerado en la próxima audiencia.

Por último, en cuanto a la solicitud de recusación de la jueza que atiende el caso, nada podemos disponer.   La Regla 63 y 63.2 de Procedimiento Civil, 32 LPRA Ap. V, provee el mecanismo para solicitar la recusación de un juzgador, por tanto, la petición debe ser tramitada según referido procedimiento.

## IV.

Por los fundamentos antes expresados, se expide el auto de *certiorari* y se modifica la Resolución y Orden del 16 de enero de 2024.  Con ello, dejamos sin efecto la referida determinación en cuanto a los créditos y la deuda de la pensión.  Estos asuntos deben ser atendidos en la vista del 14 de mayo de 2024 o en otra que el foro primario fije.  Debe considerar, además, que los menores ya cuentan con plan médico.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] Apéndice pág. 69.